# ROTH & ROTH, LLP

192 LEXINGTON AVENUE, SUITE 802, NEW YORK, NEW YORK 10016
ROTHANDROTHLAW.COM T: (212) 425-1020 F: (212) 532-3801

August 24, 2020

**VIA Hand Delivery**
Mary C. Loewenguth
Clerk of the Court
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614

      Re:   *Anniszkiewicz* v. *City Of Rochester, et al.*
          20-cv-6629

Dear Ms. Loewenguth:

    I am the attorney for the Plaintiff, Erin Gursslin, in the above action. I write pursuant to Local Rule of Civil Procedure 5.1(e), which states that,

> "Each attorney appearing in a civil case has a continuing duty to notify the Clerk promptly when the attorney has reason to believe that said case is related to some other pending civil or criminal action(s) such that its assignment to the same Judge would avoid unnecessary duplication of judicial effort. As soon as the attorney becomes aware of such a relationship, the attorney shall notify the Clerk of Court by letter of the relevant facts, and the Clerk of Court will transmit that notification to the Judges to whom the cases have been assigned."

    I believe the instant action is related to *Gursslin* v. *City of Rochester, et al.*, 20-cv-6508 and *Dempsey* v. *City of Rochester, et al.*, 19-cv-6780, which are both assigned to District Judge Elizabeth A. Wolford,[1] and that assignment of the instant action to Judge Wolford "would avoid unnecessary duplication of judicial effort." Local R. Civ. P. 5.1(e).

    All three cases arise from tragic incidents where Rochester Police Department ("RPD") officers unlawfully entered the plaintiffs' properties and shot and killed their dogs.

---

[1] A magistrate judge has not yet been assigned in either case.

Each case involves the same municipal liability claim under 42 U.S.C § 1983 and *Monell* v. *Department of Social Services of New York*, 436 U.S. 658 (1978). ("Monell claim"). The *Monell* claim is brought under a deliberate indifference, failure to train and supervise theory of municipal liability.

Specifically, all three plaintiffs allege that the RPD shot and killed their dogs, because (1) the City failed to train its officers not to trespass on residential properties, (2) the City failed to train its officers how to safely interact with pet dogs they encountered during routine police activities, and (3) because the City has disregarded the industry standards established by leading national law enforcement organizations for safely interacting with domestic canines during routine police activities. Instead, both Mr. Dempsey, Ms. Gursslin and Ms. Anniszkiewicz allege that the City trained its officers to trespass on residents' properties as a matter of course, without announcing their presence, and then to shoot and kill any dog they may encounter while trespassing on the innocent person's property.

In the First Amended Complaint in *Dempsey*, the *Monell* claim is the first cause of action, and spans from paragraphs 97–153, or 56 of the Complaint's 238 paragraphs. Case 19-cv-6780, ECF No. 8. In the Complaint in *Gursslin*, the *Monell* claim is the first cause of action, and spans from paragraphs 107–183, or 76 of the Complaint's 221 paragraphs. ECF No. 1. Similarly, the in the Complaint in this case, the *Monell* claim is the first cause of action, and spans from paragraphs 64–129, or 65 of the Complaint's 165 paragraphs. ECF. No 1.

The bulk of each case will involve motion practice and discovery related to the *Monell* claims. In *Dempsey*, the City filed a Rule 12(b)(6) partial motion to dismiss some of the claims, including the *Monell* claim. Case 19-cv-6780, ECF No. 13. This motion has been fully briefed and Judge Wolford has not yet decided the motion.

Because the City of Rochester has filed a motion to dismiss the *Monell* claims in seven of the nine civil rights cases I have filed against the City since 2014, I believe it is likely the City will move to dismiss the municipal liability claim in this case based on the same arguments it made in *Dempsey*.[2] Thus, assigning this case to Judge Wolford "would avoid unnecessary duplication of judicial effort" in ruling on the City's anticipated Rule 12(b)(6) motion to dismiss that same *Monell* claim in this case.

If Judge Wolford denies the City's motions to dismiss the *Monell* claims, then a large portion of each case will involve discovery related to these claims. Moreover, discovery on the individual liability claims will overlap, because evidence on the individual claims is relevant *Monell* discovery in the other case, since it tends to demonstrate the widespread custom and practice of RPD officers trespassing into residential property and shooting the resident's pet dogs. Thus, because discovery will

---

[2] Notably, the officers in *Dempsey* and this case were wearing Body Worn Cameras, which recorded the incident; however, in *Gursslin*, where the City did not file a motion to dismiss, the officers were not wearing Body Worn Cameras.

substantially overlap, designating these cases as related "would avoid unnecessary duplication of judicial effort" in scheduling and oversight of discovery and ruling on any discovery-related motions.

For these reasons, Plaintiff believes this case, *Dempsey* and *Gursslin* are related, and that its assignment to the same District Court Judge and Magistrate Judge would significantly "would avoid unnecessary duplication of judicial effort".

If you have any additional questions, please do not hesitate to contact me. Thank you.

Respectfully Submitted,

~//s//~

Elliot Dolby Shields, Esq.
ROTH & ROTH, LLP
*Counsel for Platiniff*
192 Lexington Avenue, Suite 802
New York, New York 10016
Ph: (212) 425-1020
eshields@rothandrothlaw.com

3