UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARIANNE ANNISZKIEWICZ,

                                                            Plaintiff,

       -against-                                             **DECLARATION OF**
                                                                       **PEACHIE L. JONES, ESQ.**

THE CITY OF ROCHESTER, a municipal entity,
POLICE OFFICER BRIAN CALA, SERGEANT       Case no. 20-cv-6629 (FPG)(MWP)
JENNIFER TRENTON,

                                                   Defendants.

---

Peachie L. Jones, Esq., declares and says:

    1.    I am a Municipal Attorney for the City of Rochester, admitted to practice law before this court, and represent the City of Rochester and Dakota Vanbrederode in this action.

    2.    I submit this Declaration in support of Defendants' Motion for Summary Judgment, pursuant to FED. R. CIV. P. 56(a).

    3.    The information set forth herein is based upon my personal knowledge, a review of the proceedings in this action, and a review of relevant case law.

    4.    True and accurate copies of the following records are provided as exhibits:

        a.    The Body Worn Camera videorecording of Rochester Police Department ("RPD") Officer Brian Cala from this incident is <u>Exhibit A</u>.

        b.    The Body Worn Camera videorecording of RPD Sergeant Jennifer Trenton from this incident is <u>Exhibit B</u>.

        c.    The Affidavit of Delaney Glaze is <u>Exhibit C</u>.

        d.    The presentation created by the DiDomenico-Phelps-Lohnes team and presented by Reno DiDomenico entitled "Dog Bite Prevention for Law Enforcement" is <u>Exhibit D</u>.

e. The charts of the officers assigned to attend each day of the training in 2014 is Exhibit E.

f. Number of calls for service addressed by RPD in the 2016-2017, 2017-2018, and 2019-2020 budget is Exhibit F.

g. Pages 1, 3-5 of Plaintiffs' March 2023 response to Defendants' Third Set of Interrogatories is Exhibit G.

h. Pages 1 and 3 of Plaintiffs' October 2023 response to Defendants' Third Set of Interrogatories is Exhibit H.

i. Pages 1, 4-5 of Defendants' First Set of Interrogatories and Requests for Production is Exhibit I.

j. Pages of 1-6, 8 of Plaintiff's Rule 26 Supplemental Disclosures is Exhibit J.

k. Report of Plaintiff's purported expert James Crosby is Exhibit K.

l. Pages 1, 4-5 of Plaintiff's Opposition to Summary Judgment in *Cox v. City of Rochester*, originally filed as ECF 51, is Exhibit L.

m. Pages 1, 4-5 of Plaintiff's Opposition to Summary Judgment in *Gursslin v. City of Rochester*, originally filed at ECF 117, is Exhibit M.

n. Pages 1, 23-26 of Plaintiff's Opposition to Summary Judgment in *Dempsey v. City of Rochester*, originally filed at ECF 98, is Exhibit N.

o. Pages 1-3 of RPD General Order 340 is Exhibit O.

p. Sgt. Trenton's Response to Plaintiff's Interrogatories is Exhibit P.

q. Pages 1-5, 9-11, and 17-26 of Plaintiff's Complaint (originally filed as ECF 1) is

      Exhibit Q.

    r.    Screenshots from the Body Worn Camera videorecordings of Officer Cala and Sgt. Trenton that depict two dogs on/towards the left of the images is Exhibit R.

5.    True and accurate copies of the following transcripts of deposition testimony of the following individuals are provided as the noted exhibits.

    a.    Plaintiff Marianne Anniszkiewicz is Exhibit S. (A true and accurate copy of Exhibit 2 from Plaintiff's Deposition, i.e., the view of 236 Belknap from Hollis Street (Annisz Tr. 33:17 - 34:7), is also enclosed as Exhibit T.

    b.    The City of Rochester (via FED. R. CIV. P. 30(b)(6)-designated witness Michael Ciulla) is Exhibit U.

    c.    Officer Brian Cala is Exhibit V. (A true and accurate copy of Exhibit B from Cala Deposition is also enclosed as Exhibit W).

    d.    Officer Jonathan Laureano is Exhibit X.

    e.    Sgt. Jennifer Trenton is Exhibit Y.

    f.    Plaintiff's proposed expert James Crosby taken in the *Gursslin* matter (20-cv-6508-EAW-MJP) as Exhibit Z.

    g.    Officer Javier Algarin is Exhibit AA.

    h.    Officer Jason Horowitz is Exhibit BB.

    i.    Reno DiDomenico is Exhibit CC.

    j.    Michael Scherbyn is Exhibit DD.

    k.    Sergeant Jason Rudolph is Exhibit EE.

    l.  Sergeant Ryan Romig is <u>Exhibit FF</u>.

 6.  Plaintiff did not depose Scott Peters or Michael Cimineli in this matter.

 7.  No plaintiff in *Cox v. City of Rochester et al* (22-cv-6207-FPG-MJP); *Dempsey v. City of Rochester et al* (19-cv-6780-EAW-MWP); *Gursslin v. City of Rochester et al* (20-cv-6508- EAW-MJP); *Barnes v. City of Rochester* (22-cv-6524-EAW-MWP); *McGill v. City of Rochester* (22-cv-6523-EAW-MWP); or *Preston v. City of Rochester*, 22-cv-6525-EAW-MWP included Scott Peters or Michael Cimineli in their Rule 26 Disclosures.

 8.  Plaintiff did not depose any supervisor or officer assigned to the Professional Standards Section ("PSS"), the RPD internal affairs unit.

 9.  Plaintiff did not depose the current RPD Chief, any RPD Deputy Chief or Commander, or the Commanding Officer of PSS or the Professional Development Section ("PDS").

Dated: September 26, 2024            _____
                          PEACHIE L. JONES, ESQ.