UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**Exhibit G**

MARIANNE ANNISZKIEWICZ,

                              Plaintiff,

-against-

THE CITY OF ROCHESTER, a municipal entity, POLICE OFFICER BRIAN CALA, SERGEANT JENNIFER TRENTON,

                              Defendants.

20-cv-6629 (FPG)(MWP)

## PLAINTIFF'S RESPONSES TO DEFENDANTS' THIRD SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34, of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Western District of New York, Plaintiff MARIANNE ANNISZKIEWICZ, acting through her undersigned counsel, answer and object as follows to Defendants' Second Set of Interrogatories and Requests for Production of Documents to Plaintiff:

## GENERAL OBJECTIONS

1. By responding to any request or producing any document, Plaintiff does not waive any objections as to such request or document with respect to the competency, relevancy, materiality, privilege, or admissibility as evidence in any subsequent proceeding, including the trial of this or any other action, of the response.

2. Plaintiff objects to each and every Interrogatory and Document Request to the extent that it seeks information privileged from disclosure under the law, whether based on the attorney-client, attorney work product, physician-patient privilege, and/or any other legally cognizable privilege. To the extent documents have been withheld based on an asserted privilege, Plaintiff will produce a privilege log so long as it is not unduly burdensome to do so.

11. Identify all City policy-makers who, prior to the death of Sampson, were aware of the alleged practice or usage that RPD officers shoot dogs that officers encountered during their law enforcement duties.

**Answer to Interrogatory No. 11**:

Plaintiff objects to this interrogatory on the basis that it is a contention interrogatory, and thus is premature, as this case is not even close to the close of *Monell* discovery. Plaintiff will answer this interrogatory at the appropriate time.

12. Identify all City of Rochester policy-makers who, prior to the death of Sampson, were aware of the alleged practice or usage that RPD officers unlawfully enter enclosed residential properties.

**Answer to Interrogatory No. 12**:

Plaintiff objects to this interrogatory on the basis that it is a contention interrogatory, and thus is premature, as this case is not even close to the close of *Monell* discovery. Plaintiff will answer this interrogatory at the appropriate time.

13. Identify any/all written policy that Plaintiff alleges authorized or caused the (allegedly unconstitutional) shooting of dog Sampson.

**Answer to Interrogatory No. 13**:

Plaintiff objects to this interrogatory on the basis that Plaintiff's pleadings do not allege that the unconstitutional actions of defendants were caused by a formal written policy. Instead, the actions were caused by the City's deliberate indifference to the longstanding and widespread unconstitutional conduct of officers shooting dogs, and the City's failure to respond by instituting appropriate policies, training or discipline; particularly in response to officers who have shot multiple dogs in their career, like Defendant Brian Cala and former Lieutenant Aaron Springer.

14. Identify any/all written policy that Plaintiff alleges authorized the (allegedly unconstitutional) entry of RPD officers into her yard/property.

**Answer to Interrogatory No. 13**:

Plaintiff objects to this interrogatory on the basis that Plaintiff's pleadings do not allege that the unconstitutional actions of defendants were caused by a formal written policy. Instead, Defendants' actions were caused by the City's deliberate indifference to the longstanding and widespread unconstitutional conduct of officers entering the curtilage of residential properties without a lawful basis to do so, and the City's failure to respond by instituting appropriate policies,

training or discipline.

## REQUESTS FOR PRODUCTION

(RFPs 1-13 and 14-18 were requested in Defendants' First and Second Requests for Production.)

14. Copies of any/all documents that establish the control, administration, responsibility, stewardship, and/or authority of/over Plaintiff's finances by Michelle Anuskiewicz.

**Response**: Plaintiff is not in possession of any responsive documents.

15. Copies of any contracts or agreements between Plaintiff and Michelle Anuskiewicz regarding purchase of a residence for Plaintiff's use (e.g., 1879 Sherburne Road in Walworth NY).

**Response**: Plaintiff is not in possession of any responsive documents.

16. Copies of any/all documents regarding the purchase of 1879 Sherburne Road in Walworth NY by Plaintiff from Michelle Anuskiewicz.

**Response**: Plaintiff is not in possession of any responsive documents.

17. Copies of all communications (including emails, texts, letters, Facebook posts) between Plaintiff and Michelle Anuskiewicz regarding the purchase of 1879 Sherburne Road in Walworth NY by Michelle Anuskiewicz for Plaintiff.

**Response**: Plaintiff is not in possession of any responsive documents.

18. Copies of all documents (including agreements, plans) regarding the purchase of 1879 Sherburne Road in Walworth NY by Michelle Anuskiewicz for Plaintiff.

**Response**: Plaintiff is not in possession of any responsive documents.

19. Copies of any/all proof of rent/lease payment(s) by Plaintiff to Michelle Anuskiewicz from May 2020 to present.

**Response**: Plaintiff is not in possession of any responsive documents.

20. Copies of all documents and records regarding the correlation, causation, or connection between the death of Sonny and the death of Sampson (e.g., veterinary records regarding Sonny's declining heath; Plaintiff's journal entries, text messages, or Facebook posts from Plaintiff to anyone else describing her reasoning to put Sonny down.)

**Response**: Plaintiff is not in possession of any responsive documents. But See Anniszkiewicz 21-38.

21.     Copies of all behavioral records regarding depression, anxiety, or mental illness of Sonny in calendar year 2020.

**Response**: Plaintiff is not in possession of any responsive documents.

Dated:  March 2, 2023
        New York, New York

                                  ROTH & ROTH LLP

                                  ~//s//~
                                Elliot Dolby Shields, Esq.
                                *Attorneys for Plaintiff*
                                192 Lexington Ave, Suite 802 New York, New York 10016 Ph: (212) 425-1020

To:     Peachie Jones, Esq. (via email)