| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**WESTERN DISTRICT OF NEW YORK**<br>MARIANNE ANNISZKIEWICZ,<br><br>                                                          Plaintiff,<br><br>-against-<br><br>THE CITY OF ROCHESTER, a municipal entity,<br>POLICE OFFICER BRIAN CALA, SERGEANT<br>JENNIFER TRENTON,<br><br>                                                          Defendants. | **Exhibit H**<br><br>20-cv-6629 (FPG)(MWP) |

## PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANTS' THIRD SET OF INTERROGATORIES

Pursuant to Rules 26 and 34, of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Western District of New York, Plaintiff MARIANNE ANNISZKIEWICZ, acting through her undersigned counsel, answer and object as follows to Defendants' Third Set of Interrogatories to Plaintiff:

## GENERAL OBJECTIONS

1. By responding to any request or producing any document, Plaintiff does not waive any objections as to such request or document with respect to the competency, relevancy, materiality, privilege, or admissibility as evidence in any subsequent proceeding, including the trial of this or any other action, of the response.

2. Plaintiff objects to each and every Interrogatory and Document Request to the extent that it seeks information privileged from disclosure under the law, whether based on the attorney-client, attorney work product, physician-patient privilege, and/or any other legally cognizable privilege. To the extent documents have been withheld based on an asserted privilege, Plaintiff will produce a privilege log so long as it is not unduly burdensome to do so.

3. Plaintiff objects to each and every Interrogatory and Document Request to the

Scott Peters and any other officials to whom training determinations were delegated with respect to entry onto residential properties and interactions with dogs.

11. Identify all City policy-makers who, prior to the death of Sampson, were aware of the alleged practice or usage that RPD officers shoot dogs that officers encountered during their law enforcement duties.

**Supplemental Answer to Interrogatory No. 11**:

Plaintiff objects to this interrogatory on the basis that the term "City policy-makers" is vague and undefined. Subject to and notwithstanding said objection, Plaintiff states that former RPD Chief Michael Ciminelli, Deputy Chief of Operations Scott Peters and any other officials to whom training determinations were delegated with respect to interactions with dogs.

12. Identify all City of Rochester policy-makers who, prior to the death of Sampson, were aware of the alleged practice or usage that RPD officers unlawfully enter enclosed residential properties.

**Supplemental Answer to Interrogatory No. 12**:

Plaintiff objects to this interrogatory on the basis that the term "City policy-makers" is vague and undefined. Subject to and notwithstanding said objection, Plaintiff states that former RPD Chief Michael Ciminelli, Deputy Chief of Operations Scott Peters and any other officials to whom training determinations were delegated with respect to entry onto residential properties.

Dated: October 13, 2023
New York, New York

ROTH & ROTH LLP

~//s//~
Elliot Dolby Shields, Esq.
*Attorneys for Plaintiff*
192 Lexington Ave, Suite 802
New York, New York 10016
Ph: (212) 425-1020

To: Peachie Jones, Esq. (via email)