UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**Exhibit I**

---

MARIANNE ANNISZKIEWICZ,

                      Plaintiff,

-against-

THE CITY OF ROCHESTER, a municipal entity, POLICE OFFICER BRIAN CALA, SERGEANT JENNIFER TRENTON,

                      Defendants.

**DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Case No. 20-cv-6629 (FPG)

---

Pursuant to FED. R. CIV. P. 26, 33, and 34, Defendants, by their attorneys Linda Kingsley, Corporation Counsel, and Peachie L. Jones, Esq., Of Counsel, demand that Plaintiffs answer the following Interrogatories under oath, separately and fully in writing, and provide the documents responsive to the following Requests for Production, within thirty (30) days.

## INSTRUCTIONS

1. Each request is to be responded to pursuant to the Federal Rules of Civil Procedure and Local Rules of Civil Procedure of the United States District Court for the Western District of New York. Each interrogatory is to be answered separately and fully, in writing and under oath. Each document shall be produced as it is kept in the usual course of business, and organized and labeled to correspond with the categories in the request.

2. To the extent that the precise and complete information called for by an interrogatory cannot be furnished, such information as is available shall be supplied, together with any estimates, approximations or computations. When an estimate, approximation, or computation is given, the method employed shall be described.

3. If any or all documents identified herein are no longer in your possession, custody, or control because of destruction, loss, or any other reason, then do the following with respect to each and

Alleged Injuries have been paid by Medicaid, Medicare, or health insurance providers.

5. List and describe any/all expenses, losses, or damages that Plaintiff experienced due to any of the allegations in the Complaint, including but not limited to co-pays and other medical expenses (not paid for by Plaintiff's health insurance, Medicare, or Medicaid), damaged or misplaced property, legal fees, lost income, burial costs, lost employment opportunities, or cancelled trips.

6. Identify every pet (or companion animal) owned, adopted or fostered by Plaintiff in the past ten years, including the name of the pet (or companion animal), the type of animal and specific breed, and period of possession.

7. State the height of the chain-linked fence surrounding 236 Belknap Street.

## REQUESTS FOR PRODUCTION

1. Copies of any/all records Plaintiff has received pursuant to subpoenas issued in this matter.

2. Any/all medical records regarding the diagnosis of, care, or treatment for Plaintiff's Alleged Injuries by any Medical Care Provider.

3. A properly executed HIPAA-compliant authorization for release (to Defendants' attorneys) of any and all records of medical or mental health care or treatment by any Medical Care Provider received by Plaintiff for Plaintiff's Alleged Injuries.

4. A properly executed HIPAA-compliant authorization for release (to Defendants' attorneys) of any and all records of medical or mental health care or treatment by any Medical Care Provider received by Plaintiff at any point from June 10, 2013 to present.

5. Any/all documents that support/document the expenses, losses, or damages identified by Plaintiff in response to Interrogatory #5.

6. All Social Media posts/entries that either Plaintiff made from June 10, 2018 through present, concerning (a) the loss of Plaintiff's dog; and/or (b) any of the allegations in the Amended Complaint. (Screenshots will suffice.)

7. Copies of any and all statements made by Plaintiff concerning the subject matter of this suit, recorded in any form, electronic or otherwise.

8. Copies of any and all statements made by any witness concerning the subject matter of this suit, recorded in any form, electronic or otherwise.

9. Copies of any and all photographs related to any of the matters alleged in the Complaint.

10. Provide copies of all documentation concerning Plaintiff's acquisition of her pet dog Sampson, whether by adoption, purchase, or some other means.

11. A copy of the license issued for each of Plaintiff's pet dogs, Sampson, Angle, and Sunny.

12. A photograph of Angle.

13. A photograph of Sunny.

DATED: July 6, 2022
Rochester, New York

LINDA KINGSLEY
Corporation Counsel

BY: _____
PEACHIE L. JONES, Esq., Of Counsel
*Attorneys for Defendants*
30 Church Street, Room 400A
Rochester, New York 14614
Telephone: (585) 428-7992

To:
Elliot Dolby Shields, *Counsel for Plaintiff*
ROTH & ROTH, LLP
192 Lexington Avenue, Suite 802
New York, New York 10016
(212) 425-1020
eshields@rothandrothlaw.com