UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**Exhibit J**

MARIANNE ANNISZKIEWICZ,

                       Plaintiff,

    -against-                      20-cv-6629 (FPG)(MWP)

THE CITY OF ROCHESTER, a municipal entity, POLICE OFFICER JEREMY NELLIST, POLICE OFFICER JOSHUA KELLY, COMMANDER FABIAN RIVERA, LIEUTENANT AARON SPRINGER,

                       Defendants.

## PLAINTIFF'S SECOND SUPPLEMENTAL INITIAL DISCLOSURES TO DEFENDANTS

Plaintiff, Marianne Anniszkiewicz, by and through her attorneys, Roth & Roth, LLP, as and for her required responses under the automatic disclosure provisions of Federal Rules of Civil Procedure 26(a), state:

(1)    The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information;

**PLAINTIFFS' RESPONSE**

Information regarding individuals who may have knowledge of the events set forth in the complaint may be obtained from:

<u>Incident and Damages Witnesses</u>:
Betty Zingo
Subject of discoverable information: witness to events immediately after the incident where Cala shot and killed Sampson.
244 Belknap Street, Rochester, New York
Last known telephone number currently unknown or unavailable.

Michelle Anniszkiewicz
Subject of discoverable information: witness to how the events effected plaintiff emotionally and psychologically.
830 Pannell Road, Perinton, NY
585-880-6508

Kaylie Wright
Subject of discoverable information: witness to events incident and events immediately after the incident where Cala shot and killed Sampson. Also a damages witness.
34 West Main Street, Shortsville, NY 14548
585-743-6016

J.W., E.W., and T.W. (Plaintiff's minor grandchildren)
Subject of discoverable information: witness to events incident and events immediately after the incident where Cala shot and killed Sampson.
Contact counsel

Mike Scherbyan
Subject of discoverable information: witness to the events immediately after the incident where Cala shot and killed Sampson. Also a damages witness.
21 West Main Street, Shortsville, NY 14548
585-694-7833

Sharon Strickland
Subject of discoverable information: witness to the events before after the incident where Cala shot and killed Sampson. Also a damages witness.
157 Maltby Street, Rochester, NY
Last known telephone number currently unknown or unavailable.

Kathleen Hayden, M.D.
Subject of discoverable information: A damages witness to the emotional and psychological effects of the event.
Ridgeway Family Medicine, 2350 Ridgeway Avenue, Suite A, Rochester, NY 14626; 585-922-2440

*Monell* Witnesses:

Lieutenant Peter Nigrelli, Buffalo Police Department.
Subject of discoverable information: the training implemented by the Buffalo Police Department regarding how to safely interact with dogs, and the drastic and immediate reduction of the number of dogs shot by police in Buffalo as a result of the training. Also, all other information discussed at his deposition in this case on November 1, 2022, and any subsequent deposition or information disclosed pursuant to any further discovery requests.
Last Known Address: Buffalo Police Department, B-District, 695 Main St, Buffalo, NY 14203

Erin Gursslin
Subject of discoverable information: the September 6, 2018 incident where her dog, Nina, was shot and killed directly in front of her in her back yard, as detailed in the lawsuit known as *Gursslin v. City of Rochester, et al.,* 20-cv-6508 (EAW) (MJP).
Last Known Address: current client, contact through undersigned counsel.

Cheryl Cox
Subject of discoverable information: the February 10, 2021 incident where her dog, Taz, was shot and killed directly in front of her by RPD officer Dakota Vanbrederode, as detailed in the lawsuit known as *Cox v. City of Rochester, et al*, 22-cv-6207 (FPG).
Last Known Address: current client, contact through undersigned counsel.

Charles Dempsey
Subject of discoverable information: the October 19, 2018 incident where his dog, Tesla, was shot and killed directly in front of him by RPD officer Javier Algarin, after Algarin unlawfully entered his yard, as detailed in the lawsuit known as *Dempsey et ano v. City of Rochester, et al.,* 19-cv-6780 (EAW) (MWP).
Last Known Address: contact through the undersigned counsel

Tina Cabisca
Subject of discoverable information: the September 7, 2013 incident where her dog, Sampson, was shot and killed by RPD Investigator Nolan Wengert, as detailed in the lawsuit known as *Cabisca v. Hogg et ano*., 14-cv-6485 (MJP).
Last Known Address: former client, contact through undersigned counsel.

Alexandria Barnes
Subject of discoverable information: the February 1, 2020 incident where her dog, Diesel, was shot and killed by RPD Officer Whitney Celenato. CR # 2020-00023354.
Last Known Address: current client, contact through undersigned counsel.

Victoria Preston:
Subject of discoverable information: witness to the February 14, 2020 incident where police officer Mitchell Leach shot and killed her dog on February 14, 2020, inside of her apartment while she was holding her baby. CR # 2020-00032660
Last known address: current client, contact through undersigned counsel.

Reginald Mcgill
Subject of discoverable information: witness to incident where police officer Trevor Jones shot and his dog on August 2, 2021. CR # 2021-000167110
Last Known Address: current client, contact through undersigned counsel.

Terry Cordae
Subject of discoverable information: the April 23, 2020 incident where RPD Officer Whitney Celenato shot his dog owned at 113 Winterroth Street, Rochester, New York, CR # 2020-00082217.
Last known address: 142 Strong Street, Rochester, NY.

Mia Gandia
Subject of discoverable information: the April 23, 2020 incident where RPD Officer Whitney Celenato shot a dog at her home at 113 Winterroth Street, Rochester, New York, CR # 2020-00082217.
Last known address: 113 Winterroth Street, Rochester, New York.

Javier Algarin
Subject of discoverable information: lack of training in the Rochester Police Department regarding the legal requirements to enter the curtilage of a residential property; lack of training regarding safely interacting with pet dogs encountered on residential property. Also the October 19, 2018 incident he shot and killed Tesla after unlawfully entering Charles Dempsey's back yard, as detailed in the lawsuit known as *Dempsey et ano v. City of Rochester, et al.,* 19-cv-6780 (EAW)(MWP).

James Breen
Subject of discoverable information: lack of training in the Rochester Police Department regarding the legal requirements to enter the curtilage of a residential property; lack of training regarding safely interacting with pet dogs encountered on residential property. Lack of supervision and discipline following multiple dog shooting incidents: CR Nos. 2018-00175299 and 2018-00175299.

Brian Cala:
Subject of discoverable information: lack of training in the Rochester Police Department regarding the legal requirements to enter the curtilage of a residential property; lack of training regarding safely interacting with pet dogs encountered on residential property. Lack of supervision and discipline following four dog shooting incidents, including the June 10, 2018 incident he shot and killed Sampson, as detailed in the lawsuit known as *Anniszkiewicz v. City of Rochester, et al*, 20-cv-6629 (FPG)(MWP)

Whitney Celenato:
Subject of discoverable information: lack of training in the Rochester Police Department regarding the legal requirements to enter the curtilage of a residential property; lack of training regarding safely interacting with pet dogs encountered on residential property. Lack of supervision and discipline following multiple dog shooting incidents, including the February 1, 2020 incident where she shot and killed Diesel, CR # 2020-00023354, and the April 23, 2020 incident where she

shot the dog owned by Terry Cordae at 113 Winterroth Street, Rochester, New York, CR # 2020-00082217.

Trevor Jones:
Subject of discoverable information: lack of training in the Rochester Police Department regarding the legal requirements to enter the curtilage of a residential property; lack of training regarding safely interacting with pet dogs encountered on residential property. Lack of supervision and discipline following multiple dog shooting incidents, including the August 2, 2021 incident where he shot and killed Reginald Mcgill's dog at 629 Jay Street, Rochester, NY, see CR # 2021-000167110.

Jonathan Laureano:
Subject of discoverable information: lack of training in the Rochester Police Department regarding the legal requirements to enter the curtilage of a residential property; lack of training regarding safely interacting with pet dogs encountered on residential property. Lack of supervision and discipline following multiple dog shooting incidents, including CR Nos. 2015-00075296, 2020-00151628, and 2021-00189988.

Mitchell Leach:
Subject of discoverable information: lack of training in the Rochester Police Department regarding the legal requirements to enter the curtilage of a residential property; lack of training regarding safely interacting with pet dogs encountered on residential property. Lack of supervision and discipline following multiple dog shooting incidents.

Joseph Perrone:
Subject of discoverable information: lack of training in the Rochester Police Department regarding the legal requirements to enter the curtilage of a residential property; lack of training regarding safely interacting with pet dogs encountered on residential property. Lack of supervision and discipline following four dog shooting incidents, including the incident at issue in the lawsuit known as *Strong v. City of Rochester et al.*, 17-cv-6183 (FPG).

Every person who was a witness and/or provided testimony in the following cases: *Dempsey* v. *City Of Rochester, et al.*, 19-cv-6780 (EAW)(MWP); *Gursslin v. City of Rochester, et al.*, 20-cv-6508 (EAW)(MJP); *Anniszkiewicz v. City et al.*, 20-cv-6629 (FPG)(MWP); *Cox* v. *City of Rochester, et al*, 22-cv-6207; *McGill* v. *City of Rochester*, 22-cv-6523 (EAW)(MWP);*Barnes* v. *City of Rochester*, 22-cv-6524 (EAW)(MWP); *Preston* v. *City of Rochester*, 22-cv-6525 (EAW)(MWP); *Strong v. City of Rochester et al.*, 17-cv-6183 (FPG); and *Cabisca v. City of Rochester*, 14-cv-6485 (MJP)

Michael Ciulla, the 30(b)(6) witness the City produced for deposition in this case, and/or *Anniszkiewicz v. City of Rochester, et al*, 20-cv-6629 (FPG)(MWP), *Dempsey et ano v. City of Rochester, et al.,* 19-cv-6780 (EAW) (MWP), *Cox v. City of Rochester, et al*, 22-cv-6207 (FPG).

In addition, Plaintiff incorporates by reference all those persons both named and unnamed in the Complaint, the documents described below, and the documents submitted by the defendants pursuant to their disclosure requirements and in response to Plaintiff's discovery demands.

_____

(2) A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings;

**PLAINTIFFS' RESPONSE**

a. Plaintiff is in possession of the following categories of documents that support her claims:

   i. All documents exchanged in discovery in this case by either party.
   ii. Redacted body worn camera video from Officers Brian Cala and Jennifer Trenton, produced in response to FOIL request No. RR19-01233;
   iii. Incident Report CR # 2018-00136420;
   iv. Numerous RPD documents, incident reports and redacted BWC recordings from other RPD dog shooting incidents, produced in response to various FOIL requests;
   v. Various publicly available policy and training documents published by the Department of Justice and other government agencies, police organizations, and the Humane Society of Greater Rochester regarding law enforcement encounters with dogs;
   vi. Various RPD policies and procedures, including General Orders 101, 200, 340, 415, and 630, and other RPD documents, including the Standard Operating Procedures Manual for the RPD's SWAT team;
   vii. Deposition and trial testimony from *Cabisca v. City of Rochester*, 14-cv-6485 (MJP);
   viii. All documents exchanged in discovery in the following cases by any party: *Dempsey* v. *City Of Rochester, et al.*, 19-cv-6780 (EAW)(MWP); *Gursslin v. City of Rochester, et al*., 20-cv-6508 (EAW)(MJP); *Anniszkiewicz v. City et al.,* 20-cv-6629 (FPG)(MWP); *Cox* v. *City of Rochester, et al*, 22-cv-6207; *McGill* v. *City of*

6

be entitled.

_____

(4) For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**PLAINTIFFS' RESPONSE**

Not Applicable

Dated: New York, New York
October 18, 2023

                            ROTH & ROTH LLP

                  By: _____~//s//~_____
                        Elliot Dolby Shields
                        *Counsel for Plaintiff*
                        192 Lexington Ave,
                        Suite 802 New York,
                        New York 10016 Ph: (212) 425-1020

To:   Peachie Jones
      City of Rochester Law Department
      *Attorneys for Defendants*
      City Hall Room 400A
      30 Church Street
      Rochester, New York 14614
      (585) 428-6812