[Page 1]
June 9, 2023

```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------x
CHARLES DEMPSEY, individually, and L.D. by her
father and natural guardian, CHARLES DEMPSEY,

                    Plaintiff(s),

                    Index No. 19-CV-6780(EAW)

        -against-

THE CITY OF ROCHESTER, a municipal entity, JAVIER
ALGARIN, ADAM GORMAN, "JOHN DOE" RPD OFFICER
RESPONSIBLE FOR TRAINING JAVIER ALGARIN,

                    Defendant(s).
-------------------------------------------x


                    June 9, 2023
                    11:08 a.m.


        VIDEO CONFERENCED EXAMINATION BEFORE
TRIAL of Defendant by SERGEANT JASON RUDOLPH,
pursuant to Order, before Laura B. Lowenthal, a
Notary Public within and for the State of New
York.
```

[Page 2]
June 9, 2023

(1)
(2)     A P P E A R A N C E S:
(3)
          ROTH & ROTH, LLP
(4)       Attorneys for Plaintiff(s)
             192 Lexington Avenue, Suite 802
(5)          New York, New York 10016-6823
(6)       BY: ELLIOT DOLBY-SHIELDS, ESQ.
             E-mail:  eshields@rothandrothlaw.com
(7)
(8)       CITY OF ROCHESTER LAW DEPARTMENT
          Attorneys for Defendant(s)
(9)          30 Church Street
             Rochester, New York 14614
(10)
          BY: PEACHIE L. JONES, ESQ.
(11)         E-mail:  peachie.jones@cityofrochester.gov
(12)
(13)
(14)
(15)
(16)
(17)
(18)
(19)
(20)
(21)
(22)
(23)
(24)
(25)

[Page 8]
June 9, 2023

```
 (1)
 (2)    S E R G E A N T  J A S O N   R U D O L P H,
 (3)         called as a witness, having been first duly
 (4)         sworn by a Notary Public, was examined and
 (5)         testified as follows:
 (6)    EXAMINATION BY
 (7)    MR. DOLBY-SHIELDS:
 (8)         Q    Can you please state your full name
 (9)    for the record?
(10)         A    Jason Rudolph.
(11)         Q    Can you please state your current work
(12)    address for the record?
(13)         A    I work at 185 Exchange Boulevard,
(14)    Rochester, New York  14614.
(15)              MS. JONES:  My name is Peachie Jones.
(16)              I am an attorney for the City of
(17)              Rochester.  I represent Jason Rudolph
(18)              and I am affirming that the witness
(19)              today is Jason Rudolph.
(20)         Q    Good morning, Sergeant.
(21)         A    Good morning.
(22)         Q    My name is Elliot Shields.  I
(23)    represent the father and daughter whose dog was
(24)    shot and killed in front of them in their yard.
(25)              I am going to ask you some questions
```

```
(1)                    Sergeant J. Rudolph
(2)       Q    When a dog sees a stranger often they
(3)  run up to that person; right?
(4)            MS. JONES:    Objection.
(5)       A    I am not an expert on behaviors of
(6)  dogs.
(7)       Q    Have you ever received any training
(8)  about behaviors of dogs?
(9)       A    I have.
(10)      Q    In that training did you learn that
(11) often times especially if you're on that dog's
(12) property it will run up to you and approach you?
(13)      A    The dogs take interest in people, yes,
(14) but some dogs no.  I have certainly in my
(15) experience gone onto properties during other jobs
(16) wherein there is a dog and there is no interest.
(17)      Q    In your training were you taught what
(18) to do if a dog runs up to you?
(19)      A    Yes, the training outlines various
(20) things, if the dog is aggressive, if it is
(21) submissive, if it is posturing in a certain way
(22) and if it runs towards you, yes, there is
(23) training on that and there has been.
(24)      Q    What does the training tell you to do
(25) or permit you to do if a dog runs up to you when
```

[Page 125]
June 9, 2023

```
(1)              Sergeant J. Rudolph
(2)   you're on its property?
(3)            MS. JONES:   Objection.
(4)       A     The training isn't just subjected to
(5)   property. It is just any dog encounters anywhere.
(6)            But when a dog runs up to you anywhere
(7)   based on that officer's perception of it if it is
(8)   aggressive or not you can use tools that you have
(9)   on your belt, you can use a firearm if you feel
(10)  that that dog is going to injure you or a third
(11)  person, to stop that.
(12)      Q     So it is a subjective standard that
(13)  applies when you're responding to a dog that is
(14)  approaching you?
(15)           MS. JONES:   Objection.
(16)      A     Again, it is based on the officer's
(17)  perception of that dog and also take into account
(18)  the environmental factors that are going on
(19)  around him, people in the area, if there is
(20)  someone there or not to take the dog, there is a
(21)  lot of things that come into play as a dog comes
(22)  running up at you.
(23)      Q     So my question is is the standard when
(24)  you're reviewing whether or not the use of force
(25)  against a dog was reasonable is that a subjective
```