**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| MARIANNE ANNISZKIEWICZ,<br><br>                                    Plaintiff,<br>          - against -<br><br>THE CITY OF ROCHESTER, a municipal entity, POLICE OFFICER BRIAN CALA, SERGEANT JENNIFER TRENTON,<br><br>                                    Defendants. | **20-cv-6629** (GWC)(CDH)<br><br>**ATTORNEY DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION TO APPLY COLLATERAL ESTOPPEL** |

ELLIOT D. SHIELDS, hereby declares under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.      I am an attorney at Roth & Roth, LLP and represent the Plaintiff, Marianne Anniszkiewicz, in this action. I also represented the plaintiffs in the related action, *Dempsey v. City of Rochester, et al.*, No. 6:19-cv-06780-MJP (W.D.N.Y.). I submit this declaration in support of Plaintiff's Motion to Apply Collateral Estoppel.

2.      I litigated the *Dempsey* trial against the City of Rochester. The same attorney, Peachie Jones of the City of Rochester Law Department, represented the defendants in both *Dempsey* and this case. The trial was held from January 13, 2026, through January 30, 2026, when the jury returned its unanimous verdict in favor of the plaintiffs on, inter alia, the foruth amendment seizure claim and the related *Monell* claims.

3.      A true and correct copy of the Verdict Sheet and Special Interrogatories from the *Dempsey* trial is attached hereto as **Exhibit A**. As reflected in the Verdict Sheet, the jury unanimously found the City of Rochester liable on the following *Monell* claims relevant to this motion: (a) the City maintained an unconstitutional policy, custom, or practice regarding dog

1

seizures (Verdict Sheet, Question 7); and (b) the City failed to properly train its officers regarding dog encounters (Verdict Sheet, Question 8). The jury also found the City liable for maintaining an unconstitutional policy, custom, or practice of entering the curtilage of a single-family residence for the purpose of searching for discarded evidence, weapons, or contraband without consent, a search warrant, or probable cause and exigent circumstances (Verdict Sheet, Questions 4–5). In addition, the jury answered special interrogatories finding, among other things, that Officer Algarin had sufficient time and ability to use a nonlethal method of control before shooting the dog, Tesla, and that Officer Algarin could have observed objective indications that a dog resided at the property (Special Interrogatories, pp. 7–8).

4.      Before the jury was charged, the Court held an approximately seven-hour charge conference. Following the charge conference, the Honorable Mark W. Pedersen sent the final jury instructions to the parties by email. A true and correct copy of those Final Jury Instructions is attached hereto as **Exhibit E**.

5.      *Monell* discovery in this case was conducted jointly with *Dempsey* and two other related dog-shooting cases against the City of Rochester: *Gursslin v. City of Rochester*, No. 20-CV-6508 (W.D.N.Y.), and *Cox v. City of Rochester*, No. 22-CV-6207 (W.D.N.Y.). On January 25, 2023, following a joint discovery conference before United States Magistrate Judges Marian W. Payson and Mark W. Pedersen, the Court entered an Amended Scheduling Order consolidating *Monell* discovery across all four cases. A true and correct copy of the Amended Scheduling Order is attached hereto as **Exhibit F**.

6.      I ordered daily copy transcripts of the trial testimony of the individual defendants in *Dempsey*, Officers Javier Algarin and Adam Gorman. Officer Algarin testified over the course of two days. True and correct copies of the daily copy transcripts of Officer Algarin's testimony

are attached hereto as **Exhibit B** (Day 1) and **Exhibit C** (Day 2). A true and correct copy of the daily copy transcript of Officer Gorman's testimony is attached hereto as **Exhibit D**.

7. The final transcripts from the *Dempsey* trial have not yet been prepared by the court reporter. Plaintiff's counsel will supplement this motion with the complete trial transcripts when they become available.

8. True and correct copies of the following documents are attached as exhibits hereto:

**Exhibit A** Verdict Sheet and Special Interrogatories, *Dempsey v. City of Rochester* (ECF No. 229)

**Exhibit B** Trial Transcript of Officer Javier Algarin, Day 1

**Exhibit C** Trial Transcript of Officer Javier Algarin, Day 2

**Exhibit D** Trial Transcript of Officer Adam Gorman

**Exhibit E** Final Jury Instructions

**Exhibit F** Amended Scheduling Order, *Dempsey v. City of Rochester, et al.*, No. 19-CV-6780 (W.D.N.Y. Jan. 25, 2023)

Dated: New York, New York    Respectfully Submitted,
   February 12, 2026    ROTH & ROTH LLP

        By: _____~/s/~_____
         Elliot Dolby Shields, Esq.
         *Counsel for Plaintiff*
         192 Lexington Ave, Suite 802 New York,
         New York 10016
         Ph: (212) 425-1020

To: All parties (via ECF)