UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIANNE ANNISZKIEWICZ,<br><br>             Plaintiff,<br><br>     - against -<br><br>THE CITY OF ROCHESTER, a municipal entity,<br>POLICE OFFICER BRIAN CALA, SERGEANT<br>JENNIFER TRENTON<br><br>           Defendants. | **Case No.: 20-cv-6629-GWC-CDH** |

## REPLY DECLARATION OF ELLIOT D. SHIELDS
## IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO APPLY COLLATERAL ESTOPPEL

ELLIOT D. SHIELDS, hereby declares under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am an attorney at Roth & Roth, LLP and represent the Plaintiff, Marianne Anniszkiewicz, in this action. I also represent the plaintiffs in the related actions, *Dempsey v. City of Rochester, et al.*, No. 6:19-cv-06780 (W.D.N.Y.), *Gursslin v. City of Rochester, et al.*, No. 6:20-cv-06508 (W.D.N.Y.), and *Preston v. City of Rochester, et al.*, No. 6:22-cv-06525 (W.D.N.Y.). I submit this declaration in reply to Defendants' opposition and in further support of Plaintiff's Motion to Apply Collateral Estoppel.

2. A true and correct copy of the Decision and Order issued by United States Magistrate Judge Colleen D. Holland on November 26, 2025, denying Defendants' motions to bifurcate in *Dempsey*, *Gursslin*, *McGill*, and *Preston*, is attached hereto as Exhibit 1. In that decision, the Court observed that "the findings of the jury in the *Dempsey* matter could potentially have preclusive effect as to the City." (Ex. 1 at 20.)

1

3. On March 26, 2026, I appeared before the Honorable Colleen D. Holland at a pretrial conference in *Preston v. City of Rochester*, No. 6:22-cv-06525-CDH (W.D.N.Y.). Peachie L. Jones, Esq., and James H. Kieburtz, Esq., appeared for Defendants. The Court addressed the parties' pretrial motions, including Plaintiff's Motion for Collateral Estoppel (ECF No. 65). Judge Holland stated on the record that she had "carefully reviewed everything that's been submitted in connection with that motion" as well as "what is available in terms of the *Dempsey* trial, including the final instructions, what I have available to me of what came into evidence at that trial." As of the date of this filing, the final transcripts from the *Dempsey* trial are still unavailable, but will be provided to this court when they are provided by the Court Reporter.

4. Judge Holland advised the parties of her anticipated ruling on the collateral estoppel motion, which she stated would be set forth in a forthcoming written decision. Specifically, Judge Holland stated that she anticipated granting the motion in part and denying it in part. As to the policy, custom, and practice theory of municipal liability, Judge Holland stated that she anticipated granting collateral estoppel, finding that the issue of "whether or not the City of Rochester had an official policy, custom or practice of permitting police officers to seize a dog without performing an objective assessment of the threat presented by that dog" was necessarily decided by the *Dempsey* jury, and that all other requirements for collateral estoppel were satisfied. Judge Holland further stated: "I am going to rule that this City of Rochester is estopped from contesting that it had an official policy, custom[,] or practice of permitting police officers to seize a dog without performing an objective assessment of the threat presented by that dog."

5. As to the failure-to-train theory, Judge Holland stated that she anticipated denying collateral estoppel "specifically because I do think that there is evidence that there was additional training done in December of 2019 that did not come in in *Dempsey*, that was not presented to

the *Dempsey* jury." Judge Holland explained that while she appreciated "the plaintiff's position that that was the same training, and that doesn't sort of change the factual basis, I do think that a jury could reach a different conclusion if it had all of the information about all of the training that had been done at the time of this incident in 2020."

6.   Judge Holland also addressed the City's argument that the policy, custom, or practice may have changed between the *Dempsey* and *Preston* incidents. She stated: "I'm not aware, and the City has not pointed to any evidence, and I've reviewed everything that came in in *Dempsey*, everything that's been presented in this case, all the evidence that I'm aware of that this policy, custom[,] practice changed between the time of [the] *Dempsey* jury, the *Dempsey* events and the *Preston* events." Judge Holland concluded: "I don't think that there's any evidence from which a jury could conclude that the City of Rochester policy on this issue changed between when the *Dempsey* incident occurred and when the *Preston* incident occurred."

7.   A true and correct copy of the text order issued by the Clerk of Court on March 27, 2026, memorializing the rulings from the March 26, 2026 pretrial conference in *Preston v. City of Rochester*, No. 6:22-cv-06525-CDH, ECF No. 108, is attached hereto as Exhibit 2.

8.   A true and correct copy of Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Collateral Estoppel in *Preston v. City of Rochester*, No. 6:22-cv-06525-CDH, ECF No. 82, filed March 5, 2026, is attached hereto as Exhibit 3. In their *Preston* opposition, the City raised the same arguments it raises here, including that offensive collateral estoppel cannot apply to municipalities under *United States v. Mendoza*, 464 U.S. 154 (1984), and that the *Dempsey* jury instructions were erroneous.

9.   Lieutenant Michael Cuilla was the City's designated Rule 30(b)(6) witness and also testified at the *Dempsey* trial in his capacity as the head of the Professional Standards Section.

He was deposed in connection with the coordinated Monell discovery. A true and correct copy of excerpts of the Cuilla deposition transcript is attached hereto as Exhibit 4.

10. A true and correct copy of General Order 340 ("GO 340"), the Rochester Police Department's written policy governing the use of deadly physical force against animals, is attached hereto as Exhibit 5.

11. Reno DiDomenico was the City's dog encounter training instructor. A true and correct copy of the Dog Bite Prevention training PowerPoint presentation that DiDomenico used in training RPD officers is attached hereto as Exhibit 6.

12. A true and correct copy of excerpts of the DiDomenico deposition transcript is attached hereto as Exhibit 7.

13. In December 2019, the City conducted a "roll call" training on dog encounters using a shortened version of the Dog Bite Prevention PowerPoint. A true and correct copy of the 2019 roll call PowerPoint presentation is attached hereto as Exhibit 8.

14. The following facts, which are referenced in the Reply Memorandum of Law, are based on my personal knowledge and observation as trial counsel in the *Dempsey* trial. The final trial transcripts have not yet been prepared by the court reporter.

15. Plaintiffs' expert, Dr. James Crosby, testified at the *Dempsey* trial that a baton or pepper spray are usually almost 100% effective against a charging dog, RPD officers shot 46 dogs in approximately five years before the *Dempsey* incident, that zero officers were disciplined, retrained, or redirected for any dog shooting, and that every shooting was approved as consistent with RPD policy.

16. Reno DiDomenico testified at trial that "[o]nce the dog charges it is a shoot situation."

4

17. Lieutenant Michael Cuilla testified at trial regarding the RPD's written policy on the use of force against dogs, including that the policy permits officers to use lethal force against a dog if they believe the dog poses a threat of any injury, however minor.

18. DiDomenico testified at trial that the New York Agriculture and Markets Law only permits deadly force against a dog when the dog poses a threat of "serious physical injury."

19. Plaintiffs' counsel addressed each basis for Monell liability individually during closing argument, including the formal policy theory, the custom and practice theory, and the failure-to-train theory.

20. The Court held charge conferences on January 26 and 28, 2026. At the charge conferences, Defendants proposed jury instructions incorporating policymaker-identification and notice elements. Plaintiffs objected. The Court considered Defendants' proposals and rejected them, adopting instead a charge that applied the deliberate indifference standard consistent with *City of Canton v. Harris*, 489 U.S. 378 (1989), and Chief Judge Wolford's summary judgment rulings.

21. Plaintiff's counsel will supplement this declaration with the complete *Dempsey* trial transcripts when they become available from the court reporter.

Dated: New York, New York
March 30, 2026

Respectfully Submitted,
ROTH & ROTH LLP

*Elliot Shields*

By: _____

Elliot Dolby Shields, Esq.
Counsel for Plaintiff
192 Lexington Ave, Suite 802
New York, New York 10016
Ph: (212) 425-1020

To:    All parties (via ECF)