UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

VICTORIA PRESTON,

                                        Plaintiff,

        -against-

MITCHELL LEACH, CITY OF ROCHESTER,
                                        Defendants.

Case no. 22-cv-6525-CDH

---

---

## MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFF'S MOTION FOR COLLATERAL ESTOPPEL

---

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................... 1

LEGAL STANDARD ............................................................................... 1

ARGUMENT ............................................................................................ 2

I.  THE COURT SHOULD DENY MS. PRESTON'S COLLATERAL ESTOPPEL MOTION ................................................................................ 2

    A.  MS. PRESTON CANNOT ESTABLISH THAT THE POLICY THEORY OF MUNICIPAL LIABILITY WAS "ACTUALLY DECIDED." ...................................... 3

    B.  THE DELIBERATE INDIFFERENCE ISSUES ARE NOT IDENTICAL .................... 4

    C.  IT WOULD BE UNFAIR TO APPLY COLLATERAL ESTOPPEL AGAINST DEFENDANTS ................................................................................ 7

        1.  The Western District has issued inconsistent prior judgments ....... 7

        2.  Dempsey's Jury Instructions lacked clarity and courts are divided on whether offensive collateral estoppel applies to municipalities ................................................................................ 8

    D.  MS. PRESTON IMPROPERLY EVOKES COLLATERAL ESTOPPEL FOR AN ENTIRE THEORY OF MUNICIPAL LIABILITY. ................................................ 9

II.  IF THE COURT GRANTS THE COLLATERAL ESTOPPEL MOTION, THE COURT SHOULD NOT INFORM THE JURY OF THOSE CONCLUSIONS UNTIL JURY INSTRUCTIONS.. ...................... 11

    CONCLUSION ..................................................................................... 12

## INTRODUCTION

Plaintiff Victoria Preston moved the Court to estop the City of Rochester from litigating and presenting evidence regarding municipal liability in an April 2026 trial. The Court should deny this motion, because Ms. Preston failed to establish the appropriateness and fairness of applying collateral estoppel.

## LEGAL STANDARD

A district court has "wide discretion to determine when offensive collateral estoppel should be applied." *Bifolck v. Philip Morris USA Inc.*, 936 F.3d 74, 80 (2d Cir. 2019); see also *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979).

> To establish offensive collateral estoppel:
>
> "a plaintiff must satisfy four conditions:
> (1) the issues in both proceedings must be identical,
> (2) the issue in the prior proceeding must have been actually litigated and actually decided,
> (3) there must have been a full and fair opportunity for litigation in the prior proceeding, and
> (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits.
> Additionally, in order to blunt the fear that nonmutual offensive collateral estoppel may be unfair to a defendant or fail to promote judicial economy, district courts must ensure that application of the doctrine is not unfair."

*Bifolck v. Philip Morris USA Inc.*, 936 F.3d 74, 79-80 (2d Cir. 2019), citing to *Faulkner v. Nat'l Geographic Enters. Inc.*, 409 F.3d 26, 37 (2d Cir. 2005).

Collateral estoppel is concerned with "issues—single, certain, and material points arising out of the allegations of the parties"—not with claims or causes of actions as a whole. *Bifolck v. Philip Morris USA Inc.*, 936 F.3d 74, 80–81 (2d Cir. 2019).

"Allowing offensive collateral estoppel may also be unfair to a defendant if the judgment relied upon as a basis for the estoppel is itself inconsistent with one or more

1

previous judgments in favor of the defendant." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 330 (1979), quoted in *Bear, Stearns & Co., Bear, Stearns Sec. Corp. v. 1109580 Ontario, Inc.*, 409 F.3d 87, 91 (2d Cir. 2005).

## FACTS

Ms. Preston alleged that the City of Rochester was liable for an alleged unconstitutional seizure of a pet dog, because of an unlawful policy and the City's purported failure to train its employees. Exh. A, *Preston* Complaint ¶¶ 15-16, 67. "This lack of training and *de facto* policy of permitting RPD officers to shoot dogs has caused and will continue to cause constitutional violations to dog owners in the City of Rochester." Exh. A, *Preston* Complaint ¶ 16.

After the *Dempsey* trial, a jury entered a verdict that the City of Rochester "maintain[ed] an unconstitutional policy, custom, or practice regarding dog seizures" (*Dempsey* Verdict Sheet, ECF 65-3, no. 7, pg. 2) and ""failed[ed] to properly train regarding dog encounters" (ECF 65-3, no. 8, pg. 3).

## ARGUMENT

## I.    THE COURT SHOULD DENY MS. PRESTON'S COLLATERAL ESTOPPEL MOTION.

The Court should deny Ms. Preston's motion to prevent the City from presenting evidence at trial regarding the policy and deliberate indifference/failure-to-train theories of municipal liability, because (1) Ms. Preston cannot prove that the policy theory of liability was "actually decided"; (2) the deliberate indifference/failure-to-train theories are not identical in *Preston* and *Dempsey*, (3) collateral estoppel would be unfair to Defendants, and (4) collateral estoppel does not apply to entire causes of action.

2

### A.   Ms. Preston cannot establish that the policy theory of municipal liability was "actually decided" in the *Dempsey* trial.

The second prong of collateral estoppel is "the issue in the prior proceeding must have been actually litigated and actually decided[.]" *Bifolck v. Philip Morris USA Inc.*, 936 F.3d 74, 80–81 (2d Cir. 2019).

Ms. Preston asks the Court to estop the City from arguing that the City had an unconstitutional policy based on the *Dempsey* jury verdict, even though she cannot prove that the policy theory (of municipal liability) was "actually decided."

The relevant municipal liability question was presented to the jury in disjunctive form: "a policy, custom, *or* practice." ECF 65-7, *Dempsey* Jury Instructions, pgs. 49-50 (emphasis added). Via the jury instructions, the Court explained three separate theories and permitted the jury to find municipal liability under any of the three:

> "If you find the City maintained an unlawful unwritten policy of requiring or permitting unreasonable seizures of dogs seizures [sic] encountered during police operations…OR [i]f you find the City maintained a persistent and widespread practice of authorizing or tolerating the seizing of dogs during police encounters …OR [i]f you find the single incident of Officer Algarin seizing Tesla occurred because of a City policy or a widespread City practice of authorizing or tolerating the use of lethal force against dogs without requiring an objective assessment of threat or attempt at non-lethal alternatives, then you must find that the City had a policy, custom, or practice for purposes of § 1983."

ECF 65-7, *Dempsey* Jury Instructions, pgs. 49-50; see also pgs. 50-51.

Contrary to Ms. Preston's statement, the jury did not "make specific findings on the unconstitutional policy claim." ECF 65-1, pg. 21. The jury was permitted to find any of the three theories; the jury was not required to decide all three theories. As such, the parties and the Court cannot with certainty state that the "issue" of the policy theory of

3

municipal liability was in fact decided by the *Dempsey* jury. There were not "specific findings on each theory," as Ms. Preston argues. Pl. CE MOL, pg. 24. The Court cannot determine from the Verdict Sheet that the policy theory was actually decided by the jury. At best, we know that a policy or a custom or a practice existed in 2018. Verdict Form, ECF 65-3, pg. 2 (no. 7).  Because the jury may have found municipal liability on the basis of a single incident or a custom—which Ms. Preston did not allege[1]—she may not rely on the *Dempsey* jury verdict to establish her policy theory of municipal liability.

In *Kluppelberg*, the plaintiff had only argued that Chicago had an unconstitutional *policy*, so it was clear that the policy issue had been decided. *Kluppelberg*, 276 F. Supp. 3d at 777-778; see also Pl. CE MOL, ECF 65-1, pg. 15 of 27. The *Dempsey* jury verdict lacks that clarity, so the Court should decline to apply collateral estoppel to the policy theory of municipal liability.

### B.    THE DELIBERATE INDIFFERENCE ISSUES ARE NOT IDENTICAL.

"Use of collateral estoppel must be confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged." *Faulkner v.*

---

[1] Ms. Preston did not allege all of these three theories of municipal liability in her Complaint. She only alleged a policy and deliberate indifference, which was explained to the *Dempsey* jury in a separate instruction. ECF 65-7, Jury Instructions, pgs. 50-51.

> Leach's reckless actions in shooting Zyria was the inevitable consequence of the unlawful policies of the City of Rochester of RPD, which either provided Leach with no training or inadequate training on how to safely interact with pet dogs, and instead permits RPD officers to shoot any dog they interact with during the course of their police duties if they subjectively feel threatened. […] This lack of training and *de facto* policy of permitting RPD officers to shoot dogs has caused and will continue to cause constitutional violations to dog owners in the City of Rochester."

Exh. A, Preston Complaint ¶¶ 15-16 (emphasis in original).

4

*Nat'l Geographic Enters. Inc.*, 409 F.3d 26, 37 (2d Cir. 2005).

The Court should also deny the collateral estoppel motion with respect to Ms. Preston's deliberate indifference/failure-to-train theory of municipal liability, because the relevant facts and evidence are not identical in *Dempsey* and *Preston*.

*Kluppelberg* is instructive—and distinguishable. *Kluppelberg v. Burge*, 276 F. Supp. 3d 773, 775 (N.D. Ill. 2017). Mr. Kluppelberg and Mr. Fields were convicted for incidents that occurred on March 24, 1984 and April 28, 1984, respectively. *Kluppelberg*, 276 F. Supp. 3d at 775. Mr. Kluppelberg moved for collateral estoppel on the issue of whether the City of Chicago had a policy of withholding exculpatory evidence after Mr. Fields successfully won that issue at trial. *Kluppelberg*, 276 F. Supp. 3d at 776. When the issues went to trial, Chicago did not assert that the city's "policies or practices were different" in March and April. *Kluppelberg*, 276 F. Supp. 3d at 775; Pl. CE MOL, ECG 65-1, pg. 14.

In *Kluppelberg*, the underlying incidents occurred only thirty-five days apart: on March 24 and April 28 of 1984. *Kluppelberg*, 276 F. Supp. 3d at 775. Ms. Preston, on the other hand, seeks to estop the City from arguing municipal liability for her February 14, 2020[2] incident based on a verdict arising out of an *October 19, 2018* incident, a gap of over fifteen months. Exh. A, *Preston* Complaint ¶ 2; Exh. B, *Dempsey* Complaint, ¶ 2.  It would be unfair to presume—without evidence—that the circumstances in the City of Rochester remained the same over that time period.

Notably, Ms. Preston does not argue—or provide evidence—that the facts

---

[2] Ms. Preston states in her Memorandum of Law that the incident occurred on February 14, 2021. Pl. CE. MOL, ECG 65-1, pg. 4. That is a typo. The event occurred in 2020.

underlying these two situations are the same. Instead, she states that the *Monell* discovery was consolidated and the same witnesses will be called at trial. Pl. CE MOL, ECF 65-1, pgs. 7. Those are quite distinct. Overlapping discovery does not necessarily mean that the same facts will be relevant and presented in both trials. For example, Judge Pedersen excluded "dog shooting incidents that occurred "significantly after December 31, 2018" from the *Dempsey* trial (Exh. E, subsection K), even though those incidents were disclosed in the combined *Monell* discovery.

Furthermore, Ms. Preston knows that the extent of the City's training changed in the time period between the *Dempsey* and *Preston* incidents. In December 2019, the City retrained its officers on dog encounters. Leach Tr. 60:24 - 61:6; City 30-b-6/Ciulla Tr. 141:7 - 142:9. While Mr. Crosby could testify that the DiDomenico training was the "sole training course" as of *October 2018* (Pl. CE MOL, ECF 65-1, pg. 9), he also expressly acknowledged in his *Dempsey* report that the City retrained its employees in a roll call training in 2019 (Exh. C, Crosby Report in *Dempsey*, pg. 2, fn.2). The 2019 training occurred well after the *Dempsey* incident, so it was not presented as evidence in the *Dempsey* trial. Jones Decl. ¶ 4. The 2019 training is, however, clearly relevant to the deliberate indifference/failure-to-train theory with respect to a 2020 incident, so the Court cannot conclude that the facts "are identical in all respects" in both sets of circumstances. *Faulkner v. Nat'l Geographic Enters. Inc.*, 409 F.3d 26, 37 (2d Cir. 2005). Ms. Preston may argue that the 2019 training was also inadequate, but Defendants are entitled to present the changed circumstances in a trial.

Because (Ms. Preston knows) the extent of the City's training changed in 2019, the *Preston* deliberate indifference/failure-to-train theory is not identical to *Dempsey* and the

Court should decline to apply collateral estoppel on the deliberate indifference/failure-to-train theory in *Preston*.

### C. IT WOULD BE UNFAIR TO APPLY COLLATERAL ESTOPPEL AGAINST DEFENDANTS.

#### 1. The Western District has issued inconsistent prior judgments.

"Allowing offensive collateral estoppel may also be unfair to a defendant if the judgment relied upon as a basis for the estoppel is itself inconsistent with one or more previous judgments in favor of the defendant." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 330 (1979), quoted in *Bear, Stearns & Co., Bear, Stearns Sec. Corp. v. 1109580 Ontario, Inc.*, 409 F.3d 87, 91 (2d Cir. 2005).

The Court should deny Ms. Preston's motion to apply collateral etoppel on the deliberate indifference theory,[3] because it would be unfair to apply the *Dempsey* verdict against Defendants when the Western District has also *granted* summary judgment for Defendants on deliberate indifference for a dog seizure in *Cox v. City of Rochester*.

According to Ms. Preston, collateral estoppel is warranted because the "same evidence" applies to *Dempsey* and *Preston*. Pl. CE MOL, ECF 65-1, pg. 20. That same evidence, however, also applied to *Cox. v. City of Rochester*, 22-cv-6207 (Pl. CE MOL, ECF 65-1, pg. 7), in which the district court granted Defendants' summary judgment motion regarding municipal liability (*Cox v. City of Rochester*, No. 22-cv-6207-FPG, 2025 WL

---

[3] Ms. Cox based municipal liability on custom and deliberate indifference. *Cox v. City of Rochester*, No. 22-cv-6207-FPG, 2025 WL 50340, at *5 (W.D.N.Y. Jan. 8, 2025) ("In this case, Plaintiff is not alleging that the formal policy endorsed by the municipality is unconstitutional or that a policymaker took action that caused the particular deprivation in question.")

50340, at \*5-8 (W.D.N.Y. Jan. 8, 2025)).[4] *Cox*, moreover, originated from a February 2021 incident, which would encompass all the training evidence that would be applicable to *Preston*, making it more alike to *Preston* than *Dempsey*. Exh. D, *Cox* Complaint, ¶ 2.

This is an inconsistent verdict that counsels against offensive collateral estoppel. Fairness dictates that the Court decline to apply the *Dempsey* verdict to *Preston* when the Western District has reached the opposite conclusion regarding deliberate indifference in a similar case.

> **2.     It would be unfair to apply collateral estoppel based on unclear jury instructions and when courts are divided on whether collateral estoppel applies to municipalities.**

First, "[i]t is also not clear that offensive collateral estoppel can be used against the City. […] Courts are split on the question of whether *Mendoza* prohibits the use of nonmutual offensive collateral estoppel against state or municipal governments, and the Second Circuit has yet to address this issue." *Luis R. Domeneck, Plaintiff, v. The City Of New York; Officer S. Richardson; & Officer A. Akhaque, Defendants*, No. 18-cv-7419, 2019 WL 5727409, at \*6, n.4 (S.D.N.Y. Nov. 5, 2019) (internal quotations and citations omitted), referencing *United States v. Mendoza*, 464 U.S. 154, 155 (1984); see also *DeCastro v. City of New York*, 278 F. Supp. 3d 753, 764 (S.D.N.Y. 2017)(acknowledging the Circuit split but deciding to apply collateral estoppel to a municipality). The unclear nature of the availability of this relief supports denying Ms. Preston's collateral estoppel motion.

The jury instructions also support denying the collateral estoppel motion. In the

---

[4] Plaintiff Cheryl Cox appealed the summary judgment decision to the Second Circuit (no. 25-254), and the parties are awaiting a decision. Jones Decl. ¶ 5.

*Dempsey* jury instructions, the trial court outlined the Second Circuit precedent with respect to deliberate indifference, but then declined to mirror that precedent when describing the elements that the *Dempsey* Plaintiffs must prove. ECF 65-7, Jury Instructions, pg. 47, 51; see *Ellis v. Washington*, 409 F. Supp. 3d 148, 154 (W.D.N.Y. 2019), citing to *Walker v. City of New York,* 974 F.2d 293, 297 (2d Cir. 1992).

The plaintiff was not formally required to identify a municipal policymaker or establish how a municipal policymaker chose to retain a specific training program after notice that the training program caused (or was substantially likely to cause) constitutional violations. ECF 65-7, Jury Instructions, pg. 47, 51. Because the outlined elements were inconsistent with prior instructions and binding precedent, the Court should decline to apply collateral estoppel on the deliberate indifference.

### D. MS. PRESTON IMPROPERLY EVOKES COLLATERAL ESTOPPEL FOR AN ENTIRE THEORY OF MUNICIPAL LIABILITY.

Collateral estoppel prevents relitigation of identical *issues. Bifolck v. Philip Morris USA Inc.*, 936 F.3d 74, 80–81 (2d Cir. 2019). Ms. Preston, however, asks at multiple points for much more: to fully estop entire theories of liability. She wants the Court to estop the Defendants from litigating "Plaintiff's *Monell* claims"–which encompasses all aspects of multiple theories of municipal liability, not individual discrete issues. ECF 65, Notice of Motion for Collateral Estoppel ("Plaintiff's Motion to preclude Defendant City of Rochester ("the City") from relitigating its *Monell* liability on Plaintiff's Fourth Amendment claims regarding the unconstitutional seizure of her dog, Zyria[.]")

Plaintiff refers the Court to *Kluppelberg* as an example of collateral estoppel applied to municipal liability, and that court did not go as far as Ms. Preston urges here.

9

*Kluppelberg v. Burge*, 276 F. Supp. 3d 773, 775 (N.D. Ill. 2017). Mr. Kluppelberg was convicted and sentenced in 1989 for a fatal fire that occurred on March 24, 1984. *Kluppelberg*, 276 F. Supp. 3d at 775. Mr. Fields was convicted for an April 28, 1984 murder. *Kluppelberg*, 276 F. Supp. 3d at 775. Mr. Fields asserted that the City of Chicago had a policy of withholding exculpatory evidence and prevailed at trial in 2010. *Kluppelberg*, 276 F. Supp. 3d at 775. When Mr. Kluppelberg brought suit, he too discovered withheld exculpatory evidence and sought to estop the City from contesting its policy of withholding exculpatory material. *Kluppelberg*, 276 F. Supp. 3d at 776.

The Court granted Mr. Kluppelberg's collateral estoppel motion, but the *Kluppelberg* court only estopped the City of Chicago from claiming that it had *a policy* of withholding evidence. *Kluppelberg*, 276 F. Supp. 3d at 776. The Court did not foreclose Chicago from litigating the entire municipal liability claim, as Ms. Preston asks this Court to do. The Court permitted the City to argue other aspects of municipal liability, e.g., whether the policy caused the withholding of evidence. *Kluppelberg*, 276 F. Supp. 3d at 779; see also Pl. CE MOL, ECF 65-1, pg. 15 of 27.

Towards the end of her memorandum of law, Ms. Preston acknowledges *Kluppelberg* and that she would still have to prove the constitutional violation and that the City caused the unconstitutional conduct. ECF 65-1, pg. 24. However, Ms. Preston later again asks that the Court estop the City from litigating all of "Plaintiff's *Monell* claims[.]" ECF 65-1, Pl. CE MOL, pgs. 27.

To be clear, preventing the City from presenting any evidence regarding municipal liability is an improper application of collateral estoppel. As Ms. Preston acknowledges, multiple elements form part of municipal liability (i.e., an constitutional violation,

10

causation, and a policy/custom/practice (ECF 65-7, *Dempsey* Jury Instructions, pg. 50)), and the Court should not estop litigation on the entire theory. The Court should limit any estoppel to specific issues or elements within municipal liability, such as the existence of an unconstitutional policy or the establishment of a history of unconstitutional seizures.

## II.    IF THE COURT GRANTS THE COLLATERAL ESTOPPEL MOTION, THE COURT SHOULD NOT INFORM THE JURY UNTIL JURY INSTRUCTIONS.

The Court should also decline Ms. Preston's motion to inform the jury of the collateral estoppel before jury instructions. Ms. Preston seeks to taint the jury and prejudice the Defendants before the trial even begins.

During voir dire, the Court will likely ask prospective jury members if they are able to apply the law as the judge instructs them. Jones Decl. ¶ 6 (similar questions asked during *Dempsey* voir dire). This is all the parties need to know. Furthermore, during *Dempsey* jury instruction, Judge Pedersen instructed jurors that certain elements "had been established." See e.g., ECF 65-2, Jury Instructions, pg. 37. Neither the Court nor the parties need to go further than that or do so earlier than jury instruction.

Ms. Preston offers no valid reason to instruct the jury on only one or two elements of the claims during voir dire or opening statement—or for her/her counsel to replace the judge by explaining to the jury select legal elements have already been decided. See e.g., Pl. CE MOL, pg. 25 (moving the Court to explain the law in opening argument). This partial instruction only serves to prejudice Defendants by framing the City in a negative light from the beginning by declaring an unconstitutional policy or issue, placing the City's unconstitutional issue at the front of jurors' minds, and doing so without further

11

explanation and appropriate context regarding the other claims or elements at issue.

The Court did not address prejudice stemming from "informing the jury of the prior verdict" as Ms. Preston argues. Pl. CE MOL, ECF 65-1, pg. 26. The *Kluppelberg* court disagreed that "granting collateral estoppel" would prejudice Defendants. *Kluppelberg v. Burge*, 276 F. Supp. 3d 773, 778 (N.D. Ill. 2017). If the Court opts to apply collateral estoppel against Defendants, the Court should decidedly decline to inform the jury of this estopped-issue before jury instructions when all the legal instruction is presented in an impartial and complete manner by the Court.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Ms. Preston's motion for collateral estoppel, and award Defendants such other relief as the Court deems proper.

Date: March 5, 2026

PATRICK BEATH
CORPORATION COUNSEL

By: _____
Peachie L. Jones, Esq., Of Counsel
*Attorneys for Defendants*
30 Church Street, Room 400A
Rochester, NY 14614
(585) 428-7992
Peachie.Jones@CityofRochester.gov

To the following via ECF:

Elliot Dolby Shields
192 Lexington Avenue, Suite 802
New York, NY 10016
(212) 425-1020   |   eshields@rothandrothlaw.com
*Counsel for Plaintiff*

12