UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARIANNE ANNISZKIEWICZ,

Plaintiff,

- against -

**Case No.: 20-cv-6629-GWC-CDH**

THE CITY OF ROCHESTER, a municipal entity,
POLICE OFFICER BRIAN CALA, SERGEANT
JENNIFER TRENTON

Defendants.

### SUPPLEMENTAL DECLARATION OF ELLIOT D. SHIELDS IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO APPLY COLLATERAL ESTOPPEL

ELLIOT D. SHIELDS, hereby declares under penalty of perjury and pursuant to 28

U.S.C. § 1746 that the following is true and correct:

1. I am an attorney at Roth & Roth, LLP and represent the Plaintiff, Marianne

Anniszkiewicz, in this action. I submit this supplemental declaration in further support of

Plaintiff's Motion to Apply Collateral Estoppel, and to place before the Court the written

Decision and Order issued in *Preston v. City of Rochester*, No. 6:22-CV-06525-CDH

(W.D.N.Y.), which was referenced in Plaintiff's Reply Memorandum of Law and in my prior

Reply Declaration, both filed on March 30, 2026.

2. As stated in footnote 1 of the Reply Memorandum of Law, Plaintiff indicated that she

would supplement the filing with Judge Holland's written order in *Preston* when it became

available. On April 1, 2026, the Court issued its Decision and Order on Plaintiff's motion for

collateral estoppel in *Preston* (Dkt. 109). A true and correct copy of that Decision and Order is

attached hereto as **Exhibit 1**.

1

3. The Decision and Order confirms the oral ruling that Judge Holland announced at the March 26, 2026 pretrial conference, as described in paragraphs 3 through 6 of my Reply Declaration. The written decision grants Preston's motion for collateral estoppel as to the policy, custom, and practice theory of municipal liability, and denies it as to the deliberate indifference/failure-to-train theory. (Ex. 1 at 16–17.)

4. With respect to the policy, custom, and practice claim, the Court found that all four requirements for offensive collateral estoppel were satisfied. Specifically, the Court held:

**Identity of issues:** The Court rejected the City's argument that the policy, custom, or practice may have changed between the *Dempsey* and *Preston* incidents, holding that "there is no evidence in the record before the Court from which a jury could conclude that the City's custom, policy, or practice regarding dog seizures had changed in the months between the *Dempsey* shooting and the shooting of Zyria." (Ex. 1 at 6.)

**Actual litigation and decision:** The Court rejected the City's argument that the disjunctive phrasing of "policy, custom, or practice" in the *Dempsey* verdict form meant that the issue was not "actually decided." The Court held that "these were not three distinct theories of liability—the operative question was always whether the City had 'a policy, custom, or practice for purposes of § 1983,' and that is the question the *Dempsey* jury actually and necessarily decided." (Ex. 1 at 9.) The Court further held: "[T]here

is no other policy or practice that would have supported the verdict[.]" (*Id.*, quoting *Kluppelberg*, 276 F. Supp. 3d at 777.)

5. On the fairness inquiry, the Decision and Order addressed and rejected each of the three fairness arguments raised by the City—the same arguments Defendants raise in this case:

> ***Cox* as an inconsistent prior judgment:** The Court "does not view *Cox* as a genuinely conflicting judgment with respect to the custom, policy, or practice issue," because "the *Cox* court was not presented with the same scope of evidence as the *Dempsey* jury." (Ex. 1 at 12.)

> **Application of collateral estoppel to municipalities under *Mendoza*:** The Court held that "[t]he Second Circuit has not extended *Mendoza* to suits involving state or local governments," and that "the rationale in *Mendoza* does not, on its face, apply to a municipal entity such as the City, which does not share the geographic breadth and nationwide scope of the federal government." (Ex. 1 at 14.) The Court further noted that Defendants "cite no case in which a court stretched the holding in *Mendoza* to apply to a municipal defendant or individuals, such as themselves." (*Id.*)

> ***Dempsey* jury instructions:** The Court found that the City's jury instruction argument "is addressed solely to the deliberate indifference/failure to train issue" and that "Defendants have identified no purported error in the *Dempsey* jury instructions

regarding the custom, policy, or practice issue, and the Court's own review of the *Dempsey* jury instructions does not cause it to conclude that it would be unfair to apply collateral estoppel on that issue." (Ex. 1 at 15.)

6. The Court's Decision and Order specifies the precise scope of the estoppel. At the trial in *Preston*, the City "will be collaterally estopped from arguing that it did not have a custom, policy, or practice of authorizing its officers to use lethal force against dogs encountered during police operations without first assessing the actual threat posed by the dog." (Ex. 1 at 16–17.) This is the identical issue presented in this case.

7. As to the failure-to-train theory, the Court denied collateral estoppel solely because of a December 2019 roll call training on dog encounters that post-dated the *Dempsey* incident (October 2018) and pre-dated the *Preston* incident (February 2020). The Court held that because the *Dempsey* jury "necessarily heard no evidence regarding" the December 2019 training, Preston had "not presented evidence showing that the December 2019 was substantively indistinguishable from the training of which the *Dempsey* jury was aware." (Ex. 1 at 5–6.) That concern is absent in *Anniszkiewicz*, where the incident occurred on June 10, 2018—four months before the Dempsey incident and eighteen months before the December 2019 roll call training.

8. The descriptions of Judge Holland's ruling contained in my Reply Declaration (¶¶ 3–6) and in the Reply Memorandum of Law are consistent with and confirmed by the written Decision and Order. The written decision provides additional detail on certain points, which are summarized above and set forth fully in Exhibit 1.

Dated: New York, New York
April 2, 2026

Respectfully Submitted,
ROTH & ROTH LLP

By:    *Elliot Shields*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Elliot Dolby Shields, Esq.
Counsel for Plaintiff
192 Lexington Ave, Suite 802
New York, New York 10016
Ph: (212) 425-1020

To:    All parties (via ECF)

5